```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MICHAEL E. HAYES, Sr.,              :
                                    :
            Petitioner,             :   Civ. No. 17-6459 (NLH)
                                    :
       v.                           :
                                    :
WARDEN DAVID E. ORTIZ,              :   OPINION
                                    :
            Respondent.             :
_____ :
```

**APPEARANCES**:

Michael E. Hayes, Sr.
44458-037
Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

    Petitioner Pro Se

Kristin Lynn Vassallo
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, NJ 07102

    Attorney for Respondent

**HILLMAN, District Judge**

   I.   **INTRODUCTION**

    Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, the habeas petition will be denied as moot.

**II.   BACKGROUND**

Petitioner filed his habeas petition in August, 2017.  See ECF No. 1.  At that time, Petitioner was a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  See *id.* at 1.  Petitioner challenges his expulsion from the Federal Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP").  He requests that this Court remand this matter to the BOP so that Petitioner can complete his "follow-up" portion of RDAP.  See ECF 9 at 7.

Respondent filed a response in opposition to Petitioner's habeas petition.  See ECF No. 6.  Thereafter, Petitioner filed a reply in support of his habeas petition.  See ECF No. 9.  This action was reassigned to the undersigned in August, 2019 due to Judge Simandle's passing.  See ECF No. 11. A review of the BOP's inmate locator indicates that Petitioner was released from BOP custody on December 18, 2019.  See https://www.bop.gov/inmateloc/ (last visited on August 19, 2020); see also Walsh v. Zickefoose, No. 12-3961, 2013 WL 504600, at *6 (D.N.J. Feb.8, 2013) (taking judicial notice of federal prisoner's projected release date from inmate locator website); Obi v. Hogsten, No. 05-2531, 2006 WL 42175, at *1 n. 2 (M.D. Pa. Jan.6, 2006) (taking judicial notice of prisoner's release date from Bureau of Prisons inmate locator website). This Court presumes Petitioner is now on supervised release as

he was given a five-year term upon completion of his sentence. See ECF 6-3 at 3.

On July 13, 2020, this Court ordered Petitioner to show cause why his habeas petition should not be denied as moot considering his release from BOP custody.  See ECF No. 12. Petitioner did not file a response to the order to show cause.

### III. DISCUSSION

Article III of the Constitution requires that a petitioner's "'claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the Court must dismiss the case for lack of jurisdiction.'"  Moncrieffe v. Yost, 397 F. App'x 738, 739 (3d Cir. 2010) (per curiam) (quoting Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992)).  The issue of whether Petitioner's habeas petition is moot is properly raised *sua sponte* considering his release from federal prison.  See Chong v. Dist. Dir., Immigration and Naturalization Serv., 264 F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the case or controversy issue in their original briefs, we must resolve the issue because it implicates our jurisdiction.") (citing St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 537, 98 S. Ct. 2923, 57 L. Ed. 2d 932 (1978); Rogin v. Bensalem Twp., 616 F.2d 680, 684 (3d Cir. 1980)); Steele v. Blackman*,* 236 F.3d 130, 134 n.4 (3d Cir. 2001) (noting that court is raising

3

mootness of denial of habeas petition *sua sponte* because it is required to raise issues of standing if such issues exist); Perez v. Zickefoose, No. 12-5300, 2014 WL 47727, at *1 (D.N.J. Jan. 7, 2014) (raising the issue of whether a habeas petition is moot *sua sponte* ) (citations omitted).

As this Court noted in the order to show cause, Petitioner's habeas petition challenging his expulsion from RDAP is moot considering his release from BOP custody. See Kravets v. Hollingsworth, No. 16-1162, 2017 WL 2384744, at *4 (D.N.J. June 1, 2017) (denying motion to amend habeas petition as futile because petitioner's RDAP eligibility claim is moot due to petitioner's release); Sherrill v. Ebbert, No. 15-2336, 2016 WL 4945285, at *2 (M.D. Pa. Sept. 16, 2016) (dismissing habeas petition as moot that challenged eligibility for RDAP where petitioner had been released from federal custody). Nevertheless, Petitioner was given the opportunity to argue otherwise. See ECF No. 12. He failed to do so. Accordingly, the habeas petition is moot.[1]

---

[1] The fact that Petitioner is on supervised release does not change that his petition challenging his expulsion from RDAP and requesting placement back into RDAP's follow-up program is moot given his release from BOP custody. See, e.g., Burgess v. Copenhaver, No. 12-777, 2015 WL 3402978, at *5 (E.D. Cal. May 27, 2015) ("To the extent Petitioner contends his rights under the Eighth and Fourteenth Amendments have been violated by the BOP's failure to place Petitioner in a RDAP . . . his petition is moot. Because Petitioner has been released from physical custody and is serving only the supervised release portion of

4

**IV. CONCLUSION**

For the foregoing reasons, the habeas petition will be denied as moot.  An appropriate order will be entered.


DATED: September 9, 2020           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

his sentence, there is no relief this Court can give with respect to Petitioner's placement.").